## Mischler et al. v. Springfield Township School District et al.

*S. Y. Rossiter*, for plaintiffs.

*Bryan, Joslin & Bryan*, for defendants.

EVANS, P. J., May 29, 1951.—Plaintiffs, by this proceeding, seek to have set aside the functioning of the School District of Springfield Township and the School District of East Springfield Borough as a union school district known as the School District of Springfield Township.

From the pleadings and stipulations we make the following

*Findings of Fact*

1. Complainants are citizens, residents and taxpayers of Springfield Township, Erie County, Pa.

2. Prior to the first Monday in July 1949 the School District of Springfield Township and the School District of East Springfield Borough were separate and distinct.

3. Prior to November 2, 1948, the board of school directors of each school district presented their respective petitions to the County Commissioners of Erie County to submit to the electors the question whether or not these school districts should be united and consolidated into a union school district.

4. Petitions by the school districts were submitted to the Department of Public Instruction, Harrisburg, Pa., and notification of the approval was sent to each school district by writing dated August 23, 1948.

5. On November 2, 1948, the electors of each district voted affirmatively for consolidation.

6. No officer of the existing or consolidated school districts within 10 days after the election made a certified copy of the petition or mailed any such to the Superintendent of Public Instruction.

7. After the election was held the Superintendent of Public Instruction did not within the 60-day period specified by the Act of May 29, 1931, P. L. 243, convene the State Council of Education to determine and consider the application.

8. The certificate of the county board of elections with respect to the vote of election on November 2, 1948, was received by the Department of Public Instruction prior to December 13, 1948, and the merger was approved by the State Council of Education on

September 29, 1948, prior to the election, and on November 4, 1948, after the election.

## Discussion

There are here involved by stipulation the following questions of law:

(a) Does the Act of May 29, 1931, P. L. 243, and its provisions have application to the instant case?

(b) Does the Act of May 26, 1933, P. L. 1067, supersede the above-mentioned Act of 1931.

(c) Have the provisions of the Act of 1931 been substantially complied with by defendants?

The Act of 1931 provides, where a consolidation of districts is desired, that a vote shall be had and, if approval is given by the voters, that the consent of the State Council of Education must thereafter be received. It further requires that the council convene within 60 days after notice of such approval by the voters to consider the application.

The Act of 1933 requires the districts to present a petition to the county commissioners who shall take no action thereon until the plan has first been approved in writing by the Superintendent of Public Instruction. This practice was followed in the case at bar.

These two acts are in apparent conflict. To apply the provisions of the Act of 1931 would require that we ignore the subsequent provisions of the Act of 1933. For that complainants have presented no sufficient reason and we must conclude that with respect to the proceedings necessary, where consolidation of school districts is desired, the Act of 1933 supersedes the Act of 1931. That such was intended gains some support from an examination of the Act of March 10, 1949, P. L. 30, wherein the procedure designated is that laid down under the Act of 1933. After this suit was started, the Superintendent of Public Instruction belatedly attempted to give such consent as might

be construed as necessary under the Act of 1931. This may serve no useful purpose here other than to show that the consolidation received the affirmative electoral vote of the people and had the continued approval of the Department of Public Instruction. However, we feel that inasmuch as the Act of 1931, even if applicable, has only the purpose of securing approval of the State Council of Education before a consolidation can be made effective, strict and detailed conformity with the procedure provided is directory only.

### Conclusions of Law

1. The provisions of the Act of May 26, 1933, P. L. 1067, were applicable and governed the proceedings necessary for the approval by the electors of the School District of Springfield Township, the School District of East Springfield Borough and the Department of Public Instruction, under an election held November 2, 1948.

2. The proceedings of the two districts were held in conformity with the provisions of the Act of 1933 and are now binding and effective upon the school districts.

3. The School District of Springfield Township is a legal and effective municipal body, under the provisions of the Act of 1933, as of the first Monday in July 1949.

4. The bill should be dismissed.

### Decree

And now, to wit, May 29, 1951, it is ordered, adjudged and decreed:

1. The bill is dismissed.

2. Plaintiffs shall pay the costs.

3. The prothonotary is directed to enter this decree nisi and to give notice to the parties or their counsel of record, of the entry of the decree, and, if no exceptions are filed within 10 days thereafter, the decree shall be entered as the final decree, by the prothonotary as of course.